(C. D. 461)

PARAMOUNT PICTURES, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 4, 1941.)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiff.
*Webster J. Oliver,* Assistant Attorney General (*Richard F. Weeks,* special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges; CLINE, J., not participating.

KEEFE, Judge: This suit involves the assessment of duty by the collector at Los Angeles upon certain photographic lenses of foreign manufacture exported from the United States together with motion-picture cameras for the purpose of making a motion picture

on location in the Republic of Panama and returned to the United States in the same condition as exported. All the photographic apparatus, including the cameras, was admitted free of duty under the provisions of paragraph 1615 of the act of 1930, as American goods returned, except ten lenses of foreign manufacture and their American-made mounts. The lenses when originally imported each consisted of the glass lens contained in a small brass shell immediately surrounding and holding the glass element.

At the trial evidence was introduced to establish that after importation the lenses and the brass metal shells surrounding the same through several intricate processes are combined with American-produced mounts for the same, and then the particular lenses and mounts are so calibrated that they are fit only for use with certain cameras and are not interchangeable, six mounted lenses being used with each camera.

The plaintiff contends, first, that as the foreign lenses, at the time of exportation, were incorporated into American manufactured mountings by a manufacturing process in the United States, the completed article, to-wit, the lens and mounting, constitutes a "manufacture of the United States"; second, that each lens and mounting therefor was a part of an American camera at the time it was exported and subsequently imported and therefore is free of duty as a "manufacture of the United States." It is alternatively contended that duty should have been taken only on the value of the glass lenses as originally imported from abroad, and not on the combined value of the lenses and mountings.

The Government, however, urges that the lenses enclosed within the brass shells were concededly of foreign origin, and although something had been done to them after arrival in the United States and before exportation to Panama they were, nevertheless, the same lenses originally imported; that the process in the United States failed to change their name, character, or use, and therefore such work performed thereon did not constitute a manufacture. It is further contended that because two articles are designed and constructed to be used together such circumstance does not necessarily make either a part of the other, citing *United States* v. *Willoughby Camera Stores*, 21 C. C. P. A. 322, T. D. 46851; and that in a tariff sense cameras and lenses are separate entities because in paragraph 1551 photographic cameras and parts are limited to such parts as are "not specially provided for" and, inasmuch as paragraph 228 (b) specially provides for "photographic or projection lenses," the articles in question are excluded from the provision in paragraph 1551 for "parts" of cameras.

From the evidence before us we find that the plaintiff has complied with all of the regulations attending the free entry of American

goods returned. He has failed, however, to comply with article 422 of the Customs Regulations of 1931 for the registration of such articles on exportation, or to file Form 4455 provided therein for the purpose of facilitating the identification of articles of foreign origin upon return to the United States. It was shown that the cameras were exported without customs examination due to a delay in shipment caused by a shipping strike.

When goods are brought into the United States from a foreign country and subsequently exported, upon reimportation they are subject to duty and treated as an original importation unless exempted from duty by some provision of law. See *Erlanger & Reis* v. *United States*, T. D. 37197. Inasmuch as the lenses in question were not registered upon exportation they are subject to duty as an original importation unless exempt from such duty under some provision of law.

Paragraph 1615 of the Tariff Act of 1930 provides for the free entry of articles the growth, produce, or manufacture of the United States, when returned after having been exported, without having been advanced in value or improved in condition. It is admitted that the lenses set in the brass shells were neither produced nor manufactured in the United States. Will the fact that the lenses were incorporated, through intricate processes, into their respective mountings and then calibrated so as to be useful only to a particular moving picture camera so change the articles that they lose their identity as foreign lenses and assume a new name, character, or use? We are of the opinion that the mounting of the lenses failed to produce such a result. They are manufactured for use particularly as photographic lenses. In order to become capable of use, all such lenses are required to be mounted and thereafter calibrated to suit the particular camera with which used. Their character is not changed. Nor is there a change of the use to which they were dedicated. They are still photographic lenses. In a tariff sense photographic lenses and the frames and mountings therefor are two separate entities, as paragraph 228 (b) specially provides for photographic lenses and also for the frames and mountings therefor. The same situation applies as to cameras and lenses.

It is conceded that the Secretary of the Treasury allows an export drawback upon lenses which have been imported into the United States for the purpose of being mounted for subsequent exportation. However, such allowance of drawback does not give governmental sanction or recognition to the mounting of lenses as a manufacturing process because, under section 558 of the act of 1930, drawback is allowed upon the exportation of articles "produced in whole *or in part* from imported materials." [Italics not quoted.] The lenses and mountings here in question are produced in part from imported ma-

terials, or, in other words, are a combination of the two, neither losing its identity in the other.

In the case of *Emery* v. *United States*, T. D. 48123, a certain Bosch fuel-injection-pump, marked "Germany" was imported from Canada attached to a governor which was produced in the United States. The importer claimed that the complete machine was of American manufacture and therefore admissible free of duty as having been returned to the exporter thereof. The court held that it was incumbent upon the importer to introduce evidence showing that despite the marking the entire article was actually of American manufacture. The part of the machine manufactured in the United States was held free of duty as American goods returned and the injection pump of foreign manufacture was held dutiable as assessed.

In our opinion we have the same situation before us here. The lenses, being of foreign manufacture, are subject to duty under the provisions of paragraph 228 (b). The mounts, however, being established as of American manufacture, are entitled to free entry under the provisions of paragraph 1615 as American goods returned.

For the reasons stated we therefore hold that the lenses shown in schedule A hereto attached and made a part hereof, are properly dutiable at the rate of 45 per centum ad valorem under paragraph 228 (b) of the Tariff Act of 1930, and the mountings therefor are entitled to free entry under paragraph 1615 as American goods returned. No testimony was introduced, however, as to one Carl Zeiss lens, 18 cm. No. 582807–C–2023, and the claim as to such lens was abandoned.

Judgment will therefore be entered in favor of the plaintiff to the extent specified and the protest is overruled in all other respects.